IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00604-GPG

MELVIN LEE MAYS,

    Plaintiff,

v.

SIS LT. MARTIN,
PSYCHOLOGY DR. MEGAN MARKS, and
SIS LT. VENAWALEZ,

    Defendants.

ORDER DISMISSING CASE

    Plaintiff, Melvin Lee Mays, is in the custody of the Federal Bureau of Prisons, currently incarcerated in Lewisburg, Pennsylvania. He initiated this action *pro se* on March 24, 2015, by filing a Prisoner Complaint (ECF No. 1). At the time he filed his complaint, he was incarcerated in Florence, Colorado. (*Id.*). On April 13, 2015, he was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 7).

    On April 20, 2015, Plaintiff sent a letter to the Court stating that he "made a mistake" on his § 1915 motion by signing the authorization for the agency holding him in custody to calculate and disburse funds from his account. (ECF No. 10). His letter states that he is indigent and can't pay such funds but that he would still like the court to consider his case. (*Id.*) On May 4, 2015, he filed another letter requesting that this case, and two other cases he filed, 15-cv-603 and 15-cv-605, be dismissed. (ECF No. 15). In one of his other cases, however, he questioned whether he would still have to

1

pay the filing fees if the cases were dismissed. *See Mays v. Dr. Allred*, 15-cv-603, ECF No. 15.  He indicated that if he would still have to pay the filing fees, he did not want to dismiss the cases. (*Id.*)

On May 6, 2015, the Court considered Plaintiff's letters but concluded that because he would still be required to pay the filing fees even if the action was dismissed, it was unclear if he wanted to proceed with his cases or voluntarily dismiss them. (ECF No. 16).  Therefore, the court issued a Minute Order directing Plaintiff that he should either inform the Court that he wishes to voluntarily dismiss the case or file an Amended Complaint pursuant to the Court's earlier Orders. (*Id.*).

Subsequently, on June 12, 2015, Plaintiff filed a Motion to Dismiss (ECF No. 17). In his Motion to Dismiss, he states that he is "indigent" and that he was "confused" and did not know what he was doing when he signed the disbursement of funds authorization page on his § 1915 Motion. (*Id.*).  Plaintiff also states that he was obviously confused because he signed "both the authorization page of my prisoner complaint as well as I signed the prisoner's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 page." (*Id.*)  He requests that the Court "drop" his filing fee. (*Id.*)

For the reasons stated below, the Plaintiff's Motion to Dismiss is granted but his request that the filing fee payment be waived is denied.

**I. Analysis**

   **A. Prisoner Proceeding *In Forma Pauperis ("IFP")***

In 1996, Congress passed the Prison Litigation Reform Act ("PLRA") in an effort to "reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003)(citations omitted).  Under the PLRA, if a prisoner commences a civil action *in forma pauperis* ("IFP"), the prisoner "shall be required to pay the full amount of the filing fee," regardless of whether the case is dismissed or denied after filing. *See* 28 U.S.C. § 1915(b)(1); *see also Cosby v. Meadors*, 351 F.3d 1324.

Indeed, in this case, upon submission of Plaintiff's application to proceed IFP, he signed an Authorization, under 28 U.S.C. § 1915(b), authorizing the correctional facility to "calculate and disburse funds from my inmate trust fund account . . . in the amounts specified by 28 U.S.C. 1915(b)." (ECF No. 2). Further, the authorization, which he signed, stated: "I understand that the total filing fee of $350.00 is due and will be paid from my inmate trust fund account . . . regardless of the outcome of this case." (*Id.*)

Apparently, Plaintiff mistakenly believed that if he filed IFP motions claiming that he was "indigent", then he would not have to pay any filing fees in the three (3) cases that he filed on the same day.  Instead, proceeding IFP allows an indigent prisoner to initiate litigation without paying the filing fee at the time of filing.  Ultimately, however, even an indigent prisoner is required to pay the filing fees in full if he has funds available to do so in the future.

However, if a prisoner truly has no assets, he is still allowed to bring a civil action. *See* 28 U.S.C. 1915(b)(4).  Additionally, when the prisoner does receive money,

only 20% of the preceding month's income credited to the prisoner's account can be used to pay a particular filing fee. *Cosby*, 351 F.3d at 1326 (quoting 1915(b)(2)). Further, § 1915 allows payment to be taken from a prisoner's account only where the amount in the account exceeds $ 10 in order that prisoners are not completely deprived of small amenities of life. *Id.*

Therefore, Plaintiff's request that the Court waive his filing fee is denied.

**B. Motion to Dismiss**

In response to the Court's Minute Order directing Plaintiff to either file an Amended Complaint or inform the Court that he wishes to voluntarily dismiss the case, Plaintiff has filed a Motion to Dismiss. (ECF No. 17).

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." In this case, no responsive pleading has been filed by the Defendant. Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). Plaintiff's Motion to Dismiss, therefore, closes the file as of June 12, 2015. *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of June 12, 2015, the date Plaintiff filed his Motion to Dismiss (ECF No. 17)

requesting voluntary dismissal of this action.  It is

FURTHER ORDERED that Plaintiff's request that the Court waive his filing fee is DENIED.  It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED June 23, 2015, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court